UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **LOGAN BARTLEY** | § | |
| VS. | § | CIVIL NO. 4:14cv_____ |
| **CORY KREIL &** | | |
| **CITY OF DENISON** | § | JURY DEMAND |

## COMPLAINT

Logan Bartley ("Bartley"), through his attorney, brings this action pursuant to 42 U.S.C. § 1983, against Cory Kreil ("Kreil), a police officer in Denison, Texas, in his individual and official capacity, and against the City of Denison for excessive force, in violation of the Fourth and Fourteenth Amendment. Additionally, Bartley is asserting a state pendent tort claim against Kreil in his individual capacity tort claim of assault and battery.

Bartley is seeking $100,000 in actual damages, $900,000 in punitive damages and reasonable attorney fees pursuant to 42 U.S.C. § 1988.

## Jurisdiction

The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331. The Court has jurisdiction over the state pendent tort claims pursuant to 28 U.S.C. § 1367.

## Factual and Procedural History

1. On November 8th, 2012, Bartley was riding his bicycle near the 2600 block of Highway 91 in Denison, Texas.

2. A train had recently passed through, the train warning lights and bars were still in effect, and Bartley passed through the intersection knowing the train had already passed.

3. Officer D.E. Riddick ("Riddick") with the Denison Police Department got behind Bartley in his patrol vehicle and turned his Riddick verbally ordered him to pull over, to which he complied. Bartley pulled over in the parking lot of an adjacent building once he realized the officer was detaining him.

4. Bartley knew he had not committed any traffic violation by disregarding any railroad crossing warnings because he was traveling on a bicycle. The traffic law regarding the matter specifically applies only to operators of vehicles.

5. Riddick asked Bartley for his identification, but Bartley did not give the officer his identification because he had not been lawfully detained.

6. Riddick told Bartley that he was under arrest and grabbed his left arm and took him down off of the bicycle. He forcefully took Bartley down to the sidewalk, and Bartley kept his hands in front of him and repeatedly asked questions why he was being unlawfully arrested, and also screamed for help. Bartley was wearing no clothes except for shorts and shoes.

7. Riddick threatened to additionally arrest Bartley for resisting arrest, and subsequently did so. Resisting arrest requires a person to use force against an officer under Texas law. Bartley used no force against Riddick or any officers that night, and won a directed verdict of acquittal when prosecuted in Grayson County for resisting arrest.

8. Riddick continued using force against Bartley to handcuff him, mainly holding him on the ground and trying to pull his hands behind his back. Two more officers arrived on the scene, including Defendant Cory Kreil.

9. Riddick succeeded in handcuffing at least Bartley's right wrist prior to the two other officers arriving. A Sergeant Thomas ("Thomas") with the Denison Police Department arrived and commanded Bartley to put his hands up. Bartley continued to have his hands underneath his chest and stayed on his knees while arguing his case, but did not use any force.

10. Kreil arrived while the two other officers had control of the body of Bartley, who was on his knees with his hands in front of him and an officer on each side. Riddick had a grasp of Bartley's right wrist and his arm around Bartley's head, in the dominant position to Bartley. Thomas had an arm around Bartley from the other side and his other hand grasping Bartley's left wrist, Thomas also being in a dominant position to Bartley. Nonetheless, Kreil ran up and punched Bartley, who was facing down, twice in the eye, causing bruising and swelling of the eye

and other damages. Kreil then got on top of Bartley from the front and placed him in a choke hold, cutting off Bartley's breathing and circulation. The officers finished handcuffing Bartley behind his back, threatening to "hit him again," and Bartley rose to his feet. At no point did Bartley ever strike, attempt to strike, or otherwise threaten physical pain to any of the officers. Bartley said "you hit me in the eye," to which Kreil responded: "Good."

11.     The City of Denison trains its officers to be "hands on" during confrontations with citizens, as admitted during Bartley's criminal trial. This includes assaulting citizens if it helps a law enforcement encounter go easier, whether or not the officers are Constitutionally justified in using a heightened level of force.

12.     Logan Bartley suffered physical pain including bodily injury, physical impairment, emotional distress, mental and emotional anguish, and other injuries as a result of Defendants' actions on November 8, 2012. Logan Bartley suffered actual as well as special damages as a result of Defendants' conduct herein.

*ANALYSIS*

**Excessive Force**

In order to succeed on a § 1983 claim that the defendants violated his Fourth and Fourteenth Amendment right against excessive force, a plaintiff must show that he was seized and that he "suffered (1) an injury that (2) resulted directly and

only from the use of force that was excessive to the need and that (3) the force used was objectively unreasonable." *Flores v. City of Palacios,* 381 F.3d 391, 396 (5th Cir. 2004) (citations and internal quotation marks omitted); *Goodson v. City of Corpus Christi,* 202 F.3d 730, 740 (5th Cir. 2000). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham v. Conner,* 490 U.S. 386, 396, 109 S.Ct. 1865 (1989). In this "reasonableness" inquiry, the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional. *Id.* at 397.

In the present case, Kreil's actions demonstrate an unreasonable use of force against a detained citizen. Bartley was not threatening force or resisting arrest against the officers, but was simply not complying with the command to put his hands behind his back while he questioned the legality (and illegality) of the officer's actions. He could have easily been handcuffed in front, particularly when Thomas arrived on the scene. He also made it clear he would wait there for a supervisor. At that point, Bartley was under the physical control of the officers and did not present any danger of flight or force. The action of punching him

twice in the eye for not placing his hands behind his back was unreasonable under the situation, and no reasonable officer would think such is reasonable. Kriel is liable for violating Bartley's constitutional right against excessive force by punching him in the eye twice for simply not obeying a verbal command to place his arms behind his back.

The City of Denison is liable as an entity and supervisor for its policy of "hands on" law enforcement which encourages physical aggression against citizens during law enforcement encounters. The City of Denison is liable for the 1983 claims herein because they acted with deliberate indifference to the due process rights of Logan Bartley.

**Assault and Battery**

An assault and battery occurs when a person knowingly, intentionally or recklessly causes bodily injury to another. *Thomas v. Holder,* 836 S.W.2d 351, 353 (Tex**.** App.--Tyler 1992, no writ). In this case, the Defendant Kreil knowingly, intentionally or recklessly caused bodily injury to Bartley by punching him twice in the face.

**Attorneys' Fees**

42 U.S.C. § 1988 provides, in relevant part: "In any action or proceeding to enforce a provision of section[] . . . 1983 . . . of this title . . . the court, in its discretion, may allow the prevailing party, other than the United States, a

reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). In *Farrar v. Hobby,* 506 U.S. 103, 113 S.Ct. 566 (1992), the Supreme Court stated in the context of fees under § 1988:

> Therefore, to qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim. The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought . . . or comparable relief through a consent decree or settlement . . . . Whatever relief the plaintiff secures must directly benefit him at the time of the judgment or settlement. Otherwise the judgment or settlement cannot be said to "affect the behavior of the defendant toward the plaintiff." Only under these circumstances can civil rights litigation effect "the material alteration of the legal relationship of the parties" and thereby transform the plaintiff into a prevailing party. In short, a plaintiff "prevails" when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.

*Id.* at 111-12 (alteration in original) (internal citations omitted).

## **Conclusion and Prayer**

Logan Bartley has suffered as a result of the Defendants' conduct. This includes physical, mental and emotional injuries that are longstanding.

Bartley requests a jury trial. Logan Bartley requests $100,000 in compensatory and special damages and $900,000 in punitive damages. Additionally, Logan Bartley is requesting reasonable attorneys fees pursuant to 42

U.S.C. § 1988, as well as attorneys' fees as a prevailing party under Texas law, and prejudgment and postjudgment interest as entitled to by law.

Respectfully submitted,

/s/ *Micah Belden*
Micah Belden
Attorney for Logan Bartley
SBN 24044294
711 N. Travis
Sherman, Texas 75090
P.: 903-744-4252
F.: 903-893-1734